[Cite as *State v. Moore*, 190 Ohio App.3d 102, 2010-Ohio-4575.]


IN THE COURT OF APPEALS OF OHIO

FOURTH APPELLATE DISTRICT

ADAMS COUNTY


| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| Appellee, | : | Case No. 09CA886 |
| v. | : | |
| MOORE, | : | DECISION AND JUDGMENT ENTRY |
| Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:  Michael P. Kelly.

COUNSEL FOR APPELLEE:  Aaron Haslam, Adams County Prosecuting Attorney, and Rebecca L. Bennett, Assistant Prosecuting Attorney.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT

DATE JOURNALIZED: 9-16-10

ABELE, Judge.

{¶ 1}   This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence.   A jury found Perry Moore, defendant below and appellant herein, guilty of (1) two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1) and (2) carrying a concealed weapon in violation of R.C. 2923.12(A).

{¶ 2}   Appellant assigns the following errors for review:[1]

First Assignment of Error:

The trial court erred in allowing the testimony of a state's witness with an admitted recent use of drugs.

Second Assignment of Error:

---

[1] Appellant's brief does not contain a separate statement of the assignments of error. See App.R. 16(A)(3).   Thus, we have assembled these assignments of error from portions of his argument.

"The trial court erred in finding that the state had proven beyond a reasonable doubt that appellant had violated ORC §2925.03."

{¶ 3}   In September 2008, Rachel Silvia was jailed in Adams County for the "fraudulent use of a credit card" when Sheriff's Detective Richard Demint approached her and asked for assistance with an investigation into local drug trafficking.   She agreed to assist the authorities.

{¶ 4}   Authorities provided Silvia with money and a tape recorder and directed her to make Oxycontin purchases from appellant.   The first purchase occurred on September 20, 2008.   The second purchase occurred three days later.   On September 24, 2008, Sheriff's Investigator Shawn Cooley obtained and executed a search warrant on appellant's home. Although appellant was not initially present, when he returned home during the search, authorities conducted a pat-down search on him and found a 22-caliber handgun.

{¶ 5}   Subsequently, the Adams County Grand Jury returned an indictment charging

appellant with the aforementioned offenses, as well as drug possession in violation of R.C.

2925.11(A).   Appellant pleaded not guilty, and the matter came on for a jury trial over several

days in July 2009.

{¶ 6}   At trial, the state first called Rachel Silvia to testify.   Before Silvia began

testifying, however, defense counsel requested that the trial court order her to submit to a drug

test to determine her competency.   After the court overruled the motion, the witness recounted

her recollection of the evening and explained what had transpired, as the state played for the

jury the recordings of the controlled buys.   Demint and Cooley also corroborated Silvia's version

of events.   At trial, Joseph Bramer, a pharmacist employed at the local WalMart, related that

appellant has serious medical problems and regularly filled prescriptions for Oxycontin at the

pharmacy.   As a result, the court dismissed the third count of the indictment (possession).

{¶ 7}   After hearing the evidence, the jury returned guilty verdicts on the remaining three

counts.   The trial court sentenced appellant to serve four years on the first trafficking count,

one year on the second trafficking count, and one year on the concealed-weapon count, with

all sentences to be served concurrently with the four-year sentence.   This appeal followed.

I

{¶ 8}   Appellant asserts in his first assignment of error that the trial court erred by allowing Silvia to testify without ordering her to undergo a drug test to determine her competency as a witness.   As support for that contention, he cites *Prudential Ins. Co. v. Hashman* (1982), 7 Ohio App.3d 55, 58-59, 454 N.E.2d 149, wherein this court held that it is error not to conduct an appropriate inquiry into whether a witness's intoxication is so great as to render him incompetent.   As we stated in *Hashman*, however, the determination of witness competency rests solely in the province of the trial judge. Id. at 58.   Here, when defense counsel moved to strike Silvia's testimony, the trial court overruled the motion on the following bases:

> The Court witnessed her throughout all her testimony, both on direct and cross, she was attentive to the questions, did not seem incompetent to answer of the questions, and was somewhat painfully blunt and honest ∗ ∗ ∗.

{¶ 9} Obviously, a trial court judge sits in the best position to evaluate witness competency.  In the case at bar, not only are we disinclined to second-guess the trial court's judgment on this issue, our reading of Silvia's trial testimony does not suggest incompetence.  We readily acknowledge that Silvia admitted addiction to prescription medication and further admitted that she planned to go "to detox" on July 15 (the same month as the trial).  We, however, do not find these statements to be dispositive of the issue.  Appellant cites no authority, and we are aware of none, that holds that a drug addict cannot testify in a court proceeding.  If Silvia was incoherent or under the influence of drugs on the day she testified, we would certainly agree that she should not have been permitted to offer her version of the events.  However, we find nothing in the record on appeal to suggest that this was the case.

{¶ 10} As we stated in *Hashman*, the decision to allow a witness to testify, over objections on competency grounds, should not be reversed absent an abuse of discretion.  7 Ohio App.3d at 58; see also *State v. Adkins* (Jan. 20, 1982), Scioto App. No. 1307.  As we have noted many times, an abuse of discretion is more than an error of law or judgment; rather,

it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See, e.g., *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. When applying the abuse-of-discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181. Instead, to establish an abuse of discretion, a party must show that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but instead passion or bias. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1; *Bragg v. Hatfield*, Vinton App. No. 02CA567, 2003-Ohio-1441, at ¶ 22.

{¶ 11} In the case sub judice, after our review of the record, we find nothing to suggest that Silvia was not competent to testify. In the absence of a clear indication that Silvia was

not competent, we cannot hold that the trial court abused its discretion by allowing her to testify or by refusing to strike her testimony once it was concluded.

{¶ 12} Moreover, another factor buttresses our decision on this point. Even assuming, arguendo, that Silvia was incompetent to testify and the trial court should have excluded her testimony, we believe that the court's decision to allow her testimony would be, at most, harmless error. See Crim.R. 52(A). Silvia's testimony that she purchased Oxycontin from appellant was cumulative of the recorded controlled buys. Those recordings were played for the jury, and Demint and Cooley identified Silvia's voice and appellant's voice for the jury. Thus, Silvia's testimony identifying appellant as the person who sold her Oxycontin, even if tainted by her own status as an addict, is but one piece of evidence adduced at trial. Therefore, any error on the part of the trial court as to the issue of competency would have been harmless.

{¶ 13} Accordingly, we find appellant's first assignment of error to be without merit, and it is hereby overruled.

II

{¶ 14} In his second assignment of error, appellant asserts that his trafficking conviction

is against the manifest weight of the evidence.[2]   Specifically, he contends that his "conviction

was based entirely upon the actions and testimony of one person, Rachel Silvia."   "Without her

testimony," appellant continues, "the State did not have a case against [him.]" He concludes

that her status as an addict makes her unreliable and that her desperation to avoid further jail

time provided her an incentive to help the sheriff's office in this case, tamper with the evidence,

and even to include some of her own Oxycontin in the drugs she gave to the authorities to bolster

the chance of getting a conviction.

{¶ 15} First, Silvia's admitted status as prescription-drug addict goes to the weight and

credibility of her testimony, not its sufficiency or its admissability.   We will not reverse a

---

[2] To the extent that the text of his assignment of error suggests that appellant is making a sufficiency-of-the-evidence argument, we note that sufficiency and manifest weight are two distinct concepts. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Although appellant's argument is couched in terms of manifest weight, we would also conclude that sufficient evidence supports his conviction for trafficking.

conviction on manifest-weight-of-the-evidence grounds unless it is obvious that the trier of fact

lost its way and created a manifest miscarriage of justice that requires reversal and a new trial.

See *State v. Earle* (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; *State v. Garrow*

(1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.   We are not persuaded this was

the case here.   As we noted above, we find nothing to suggest that Silvia's testimony was

unreliable.   The trial judge, who is in the best position to view the witness, her demeanor,

gestures, and voice inflections, concluded that she was competent to testify.   We find nothing

to contradict that finding.

{¶ 16} Further, during cross-examination, defense counsel pointedly questioned Silvia

about her drug addiction, as well as her convictions for drug-related offenses.   It is axiomatic

that witness credibility and evidence weight are issues that the trier of fact must determine.   See

*State v. Dye* (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; *State v. Williams* (1995),

73 Ohio St.3d 153, 165, 652 N.E.2d 721.   A trier of fact may believe all, part, or none of the

testimony of any witness who appears before it.   *State v. Nichols* (1993), 85 Ohio App.3d 65,

76, 619 N.E.2d 80; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096.

Here, the jury apparently opted to believe Silvia's testimony, despite the evidence of her

addiction.

{¶ 17} We also point out that, contrary to appellant's assertion, Silvia's testimony was

not the only evidence adduced at trial that implicated him. The recording of the two controlled

drug buys, as well as the testimony of Demint and Cooley, placed appellant at the scene and

identified his voice on the recordings. These recordings of the controlled buys were produced

at trial. Although neither officer personally witnessed those buys, they did see appellant arrive

at and leave Silvia's residence. The recordings were also played several times during the trial,

and the transcript reveals that money and medication were counted.

{¶ 18} In light of all this, we cannot conclude that the jury clearly lost its way and created

a manifest miscarriage of justice by finding appellant guilty of the charges. Thus, we overrule

appellant's second assignment of error.

{¶ 19} Having reviewed all the errors assigned and argued in the briefs and having found

merit in none, we hereby affirm the trial court's judgment.

Judgment affirmed.

HARSHA and KLINE, JJ., concur.